UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

KELLI JENKINS,

        Plaintiff,

                              CASE NO.:

vs.

UNITED OF OMAHA LIFE INSURANCE
COMPANY,

        Defendant.
_____/

## COMPLAINT

### STATEMENT OF THE CASE

1. This is an action for damages, equitable relief and attorney fees and costs under the Employee Retirement Income Security Act of 1974, as amended (ERISA), 29 U.S.C. § 1001, *et seq.*, specifically 29 U.S.C. § 1132(a)(1)(b).

### JURISDICTION AND VENUE

2. This Court has jurisdiction of Plaintiff's federal law claims pursuant to 28 U.S.C. §§ 1331 and 1337, as well as 29 U.S.C. § 1132(e).

3. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(b) and (c), because the breach of the employee benefits contract between the parties occurred within this district.

### PARTIES AND GENERAL ALLEGATIONS

4. At all times relevant hereto Plaintiff, KELLI JENKINS, was an "employee" of Gulf Coast Jewish Family and Community Services, Inc., her "employer", as these terms are defined in 29 U.S.C. §§ 1002(5) and (6).

5. At all times relevant hereto Plaintiff was a "participant" in and "beneficiary" of a

short term and long-term disability insurance plans (hereinafter "STD/LTD PLANS"), as these terms are defined by 29 U.S.C. §§ 1002(7) and (8), and her insurance premium required for coverage under the STD/LTD PLANS has been fully paid or otherwise satisfied.

6. The STD/LTD PLANS are a component of an "employee welfare benefit plan" as defined by 29 U.S.C. § 1002(1) and may be sued under ERISA as an entity, pursuant to 29 U.S.C. § 132(d)(1). A copy of the short term and long-term disability policies are attached hereto as Composite "Exhibit A", and incorporated by reference herein.

7. At all times relevant hereto Plaintiff's employer, The Coca-Cola Company, was the "plan sponsor" as this term is defined by 29 U.S.C. § 1002(16)(B).

8. At all times relevant hereto Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, (hereinafter "UNITED OF OMAHA"), was the claim "administrator" of the STD/LTD PLANS, and a "fiduciary" as those terms are defined by 29 U.S.C. §§ 1002 (16)(21).

9. At all times relevant hereto the business practices of Defendant, UNITED OF OMAHA, created a conflict of interest between its fiduciary duties to Plaintiff and its interest in maximizing profits.

10. At all times relevant hereto the STD/LTD PLANS provided for payment of short term and long term disability benefits in the event Plaintiff became "disabled", as defined in the STD/LTD PLANS.

11. At all times relevant hereto the STD/LTD PLANS provided for payment of disability benefits in the event Plaintiff became "disabled", as defined in the STD/LTD PLANS.

12. Defendant, UNITED OF OMAHA LIFE INSURANCE COMPANY, made the final decision to deny benefits under the STD/LTD PLANS.

13.     Plaintiff has filed, or a caused to be filed, proofs of claim and performed all other conditions precedent to recovering benefits under the STD/LTD PLANS for the loss or losses herein claimed, and has exhausted her administrative remedies prior to filing this action.

**COUNT ONE**
**Action to Recover Plan Benefits**
**Pursuant to 29 U.S.C. § 1132(a)(1)(B)**
**Against UNITED OF OMAHA LIFE INSURANCE COMPANY**

14.     Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

15.     Defendant, UNITED OF OMAHA, has failed and refused to pay Plaintiff sums due pursuant to the terms of the STD PLAN.

16.     Defendant, UNITED OF OMAHA, has failed and refused to pay Plaintiff sums due pursuant to the terms of the LTD PLAN.

17.     Plaintiff is entitled to recover attorney's fees and costs of litigation as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order granting relief from Defendant for benefits due under the STD/LTD PLANS through specific performance of the contract between the parties, together with interest, costs of litigation and attorney's fees.

**COUNT TWO**
**Action to Clarify Right to Receive Plan Benefits**
**Pursuant to 29 U.S.C. § 1132(a)(1)(B)**
**Against UNITED OF OMAHA LIFE INSURANCE COMPANY**

18.     Plaintiff realleges and reavers paragraphs 1 through 13 of the Complaint, incorporating them by reference herein as if specifically restated.

19.     Plaintiff is entitled to benefits under the STD PLAN.

20. Plaintiff is entitled to benefits under the LTD PLAN.

21. Defendant, UNITED OF OMAHA, has denied that Plaintiff is entitled to benefits under the STD PLAN.

22. Defendant, UNITED OF OMAHA, has denied that Plaintiff is entitled to benefits under the LTD PLAN.

23. Plaintiff is entitled to recover attorney's fees and costs as authorized by 29 U.S.C. § 1132(g).

**WHEREFORE**, Plaintiff requests that this Honorable Court enter an order declaring his right to reinstatement under the STD/LTD PLANS and to future benefits under the LTD PLAN, pursuant to 29 U.S.C. § 1132(a)(1)(B), and award her attorney's fees and costs of litigation pursuant to 29 U.S.C. § 1132(g).

s/Paul S. Kimsey
PAUL S. KIMSEY
Bar No.: 988472
Attorney for Plaintiff
KIMSEY LAW FIRM, P.A.
4012 Gunn Hwy., Suite 140
Tampa, FL 33618
Telephone: (813) 549-1001
Fax: (813) 265-1752
E-mail: PKimsey@KimseyLaw.com
